## In re Dollar Title and Trust Company.  No. 3

*Virgil L. Johnson,* for exceptant; *Thomas H. Armstrong,* for respondent.

McLAUGHRY, P. J., March 31, 1932.—The McDowell National Bank, guardian and trustee of Norma Smith, Alma Smith, Louise Smith and Virgil R. Smith, minor grandchildren of R. M. Smith, filed exception to the first and partial account of William D. Gordon, Secretary of Banking of Pennsylvania, in possession of the Dollar Title and Trust Company. The exception is as follows:

"On or about August 31, 1931, McDowell National Bank, as trustee and testamentary guardian, filed a proof of claim with Frank W. Jackson, special deputy in the above case, alleging that there was due and owing to it as a preferred claim the sum of $48,000, together with whatever interest might be then due or thereafter accrued, nevertheless the said Frank W. Jackson, special deputy in the above-stated case, did not pay or allow the claim out of the assets in his hands or even set it up as a preferred claim ahead of depositors and all others as set forth in aforesaid proof duly filed with him."

The exceptant here alleges that it filed a proof of claim to the amount of $48,000 to be preferred, and complains that the claim was not allowed out of the assets in the hands of the secretary of banking.

It appears from the testimony of John H. Evans, in charge of the trust department of the McDowell National Bank, the only witness sworn in the matter, that the McDowell National Bank was appointed by the Orphans' Court of Mercer County trustee and guardian of the estate of these minors subsequent to the failure of the Dollar Title and Trust Company, and the

amount of money in the hands of the Dollar Title and Trust Company was $48,000, and that the McDowell National Bank, since its appointment by the court, has not received any of this money.

It appears that the Dollar Title and Trust Company during its operation invested these funds under the provisions of the act of assembly authorizing it to invest funds which it held as fiduciary in certain types of securities; that the Dollar Title and Trust Company, as guardian and trustee, holds $48,000 worth of such investments legally made by it of the funds in its hands belonging to its cestuis que trustent and wards.

It is apparent, and was admitted by Mr. Evans in his testimony, that the matter as now before the court is not mentioned in the account filed by the secretary of banking, to which account the above exception is filed; and it is further admitted that the account relates to the assets of the Dollar Title and Trust Company and that the funds in question were not assets of the Dollar Title and Trust Company and are rightfully not a part of the account filed.

We gather from the testimony taken that the exception has been filed to this account in anticipation that there may be a deficiency in the mortgage securities which have been set up to protect the participation mortgage certificates. We, however, have no testimony here that would justify the court in concluding that there is any such deficiency, and we are of the opinion that, under the provisions of The Banking Act of June 15, 1923, P. L. 809, we have no power under this procedure to direct that any portion of these trust funds be paid out of the funds being distributed at this time. Subdivision (f) of section forty of the Banking Act of 1923 reads as follows:

"In any instance where it shall be ascertained by such court that there is a deficiency in any such trust funds, property, or investments for which such corporation or person is liable, or that such corporation or person is liable to surcharge in respect thereof, the amount thereof shall constitute an unpreferred claim against the general funds in the hands of the secretary, and the order or decree of such court shall be conclusive, subject to appeal as to the amount of such claim. . . ."

It is evident from the reading of this part of the act that it must first be ascertained that there is a deficiency in the trust fund; and if there is, the same shall constitute an unpreferred claim against the general funds in the hands of the secretary. The account now before the court is the first and partial account of the receiver, or secretary of banking, for the purpose of making distribution to the depositors, and we do not understand how we could possibly permit a supposed deficiency in the trust fund to interfere with this distribution.

The evidence is that as fiduciary the Dollar Title and Trust Company invested the funds in its hands in securities which are legal investments for trust funds. If the securities, through no fault of the fiduciary, should depreciate in value, that would not create a deficiency in the trust or subject the corporation to surcharge.

The deficiency referred to in the act of assembly refers to an actual deficiency created by an improper act of the fiduciary. The act of assembly says: "A deficiency . . . for which such corporation . . . is liable, or that such corporation . . . is liable to surcharge in respect thereof."

From the little testimony we have before us, it would seem that the fiduciary properly invested the funds in securities in which it was specifically authorized by law to make such investments, and it is indicated that the supposed deficiency is created on account of depreciation in securities in which the funds were invested.

We are convinced that there is much more to be determined than we now have evidence to support and that there is a proper procedure to determine whether or not a real and legal deficiency exists. If such deficiency exists, it may be filed as an unpreferred claim against the general funds in the hands of the secretary of banking when he files his second account.

The account here filed does not include funds of the trust department, as they are not considered the assets of the bank, so that no error was committed by the receiver in not including these funds. We think the proper procedure is not to file exceptions to an account which has nothing to do with trust estates. The proper procedure would be to petition the proper jurisdiction to ascertain, first, whether or not there is a deficiency in the trust funds, and if there is such a deficiency, it may be a basis for a claim against the general funds in the hands of the secretary of banking.

Being of the opinion that no error has been committed by the accountant in refusing to allow the claim out of the assets in his hands, the exception is overruled.

From W. G. Barker, Mercer, Pa.